UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREGORY L. DONALD,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　 )　Case No. 05-0226-CV-W-NKL-P
　　　　　　　　　　　　　　　　　　　)
STEVE MOORE,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent.　　　　　　　　　)

## OPINION AND ORDER DISMISSING CASE

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of Jackson County, Missouri, for incest, statutory rape, and sexual assault. He pled guilty to those crimes. Petitioner claims ten grounds for relief; the first nine relate to his convictions, and the tenth relates to action taken against him by the Missouri Board of Probation and Parole.

Respondent argues that petitioner's first nine grounds for relief should be dismissed as time barred. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Under Missouri law, "[a] judgment in a criminal case . . . becomes final for purposes of appeal when sentence is entered, and an appeal must be filed within ten days thereafter." *State v. Harris*, 863

S.W.2d 699, 700 (Mo.App. 1993) (citations omitted). Petitioner was sentenced on April 7, 2003, and he did not file an appeal. Doc. No. 1, pp. 1-2 (petition). For the purpose of the one-year period of limitation set out in § 2244(d)(1), the judgment against petitioner became final ten days after he was sentenced, on April 17, 2003, making his deadline for seeking relief on his first nine grounds April 17, 2004.[1] Petitioner filed this case over ten months past that deadline, on March 10, 2005. Therefore, petitioner's first nine grounds for relief, which relate to his convictions, are time barred and will be dismissed for that reason.[2]

Respondent argues that petitioner's tenth ground for relief should be dismissed for his failure to exhaust available remedies in state court. "'As a prerequisite to federal habeas review, a petitioner must exhaust state remedies and present the *same legal theories and factual bases* to the state courts.'" *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) (citations omitted) (emphasis in original). It is clear that petitioner has not exhausted the remedies available to him in state court as to his final claim. *See* Doc. Nos. 6 (respondent's response) and 8 (petitioner's reply). Therefore, petitioner's tenth ground for relief, which relates to action taken against him by the Missouri Board of Probation and Parole, is unexhausted and will be dismissed without prejudice for that reason.

---

[1] In calculating the filing deadline, respondent did not count the ten days during which petitioner could have filed an appeal. The wording of § 2244(d)(1)(A) seems to require otherwise.

[2] Petitioner seems to argue that the period of limitation should be tolled due to "extraordinary circumstances." Doc. No. 8, p. 3 (petitioner's reply). While equitable tolling may be invoked when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time,'" *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir.), *cert. denied*, 539 U.S. 918 (2003), petitioner has described no such circumstance. The Court finds that equitable tolling of the limitation period is not warranted in this case.

2

Accordingly, it is **ORDERED** that:

(1) petitioner's motion for the appointment of counsel (contained within Doc. No. 8) is denied, *see Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (no constitutional right to appointed counsel in a federal habeas corpus case); and

(2) this case is dismissed as set out herein.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
UNITED STATES DISTRICT JUDGE

Jefferson City, Missouri,

Dated: 5/20/05 .